### VOCELLE, et al v. STATE.

### No. 4616-E.

Circuit Court, Indian River County.

October 13, 1958.

146

Charles A. Sullivan, Vero Beach, for plaintiffs.

Murray W. Overstreet, State Attorney, Kissimmee, and Charles R. P. Brown, Ass't. State Attorney, Fort Pierce, for the state.

D. C. SMITH, Circuit Judge.

The chairman and the several individuals comprising the Democratic Executive Committee of Indian River County have filed their complaint against the state of Florida, seeking a declaratory decree. The state, through the state attorney for the ninth judicial circuit, has filed an answer.

In their complaint the committee alleges that the late Otis M. Cobb, Sr. was duly elected as county judge of Indian River County in the general election of November, 1956; that he was duly commissioned as such judge for a term beginning on the first Tuesday after the first Monday in January, 1957, and ending on the first Tuesday after the first Monday in January, 1961; that on September 11, 1958 Otis M. Cobb, Sr. while serving as said judge, died; that prior to his death, under provisions of the Florida Statutes, the last day for filing for the regular primary election had passed and the first regular primary had passed, but that his death occurred prior to the next general election, which is to be held on November 4, 1958; that on October 6, 1958 LeRoy Collins, Governor of Florida, duly appointed Miles B. Mank II as county judge of Indian River County, said appointment and commission running to the first Tuesday after the first Monday in January, 1959; that at the date said commission expires, there will exist a vacancy in the unexpired term of the late county judge, Otis M. Cobb, Sr.; and that there exists doubt under the statutes of this state as to the power and authority of the complainants to designate a nominee for said unexpired term, which nominee could have his name duly certified and placed upon the ballot for the general election to be held on November 4, 1958.

The complainants pray for a declaratory decree, declaring the rights and status of the complainants, the Democratic Executive Committee of Indian River County, as to whether or not the complainants have the statutory authority to designate a nominee's name to appear upon the general election ballot to be held November 4, 1958.

The state, in its answer, admits the factual allegations contained in the complaint, but denies that any doubt exists under the Florida Statutes, and alleges that the complainants have the authority to designate a nominee's name to appear upon the general election ballot to be used November 4, 1958.

This suit has come on for final hearing. The court has heard argument of counsel for the respective parties.

It is apparent from the facts above set forth that we are not confronted with a vacancy in nomination, but are confronted with a vacancy in office for the above mentioned portion of the unexpired term of the late Otis M. Cobb, Sr. as county judge of Indian River County. Article XVIII, section 9, of the constitution of Florida, requires that this vacancy be filled at the general election to be held November 4, 1958. The Democratic Party and the Republican Party each constitute a political party under the Florida Statutes, section 97.021, Florida Statutes 1957. Our statutes recognize state and county executive committees for each political party and set forth their powers and duties, among which is "to do anything that is considered by custom and practice as proper for party committees." Sections 103.111 and 103.121 (g), Florida Statutes 1957.

Section 100.111, Florida Statutes 1957, provides—

*100.111   Filling vacancy.—*

(1)   Whenever there is a vacancy in an elective office which may not be filled by appointment, and a special election is called by the governor to fill the vacancy in such office, nominees of recognized political parties under the primary laws of Florida shall be chosen in a special primary which shall be called by the governor who may fix the date of a primary election and if necessary a second primary election to select nominees of recognized political parties to become candidates in the special election above referred to.

\* \* \* \* \* \* \* \* \*

(6) (d)   \* \* \* \*

In the event that death, resignation, withdrawal, removal or any other cause or event occurring between the last date of filing for a special or regular primary election, and the date of the first of such primary elections, shall leave no candidate for the nomination for any county, district or state office, then in that event the secretary of state shall set the

latest practicable filing date for that office which will permit ballots to be available, and if no such date be practicable then the secretary of state shall notify the chairman of the state executive committee, district committee or county executive committee of that party which lost its candidate, as may be appropriate under the terms of this subsection, and such appropriate committee shall designate a member of its party as nominee. If any party shall lose a candidate between the first special or regular primary dates and a special or general election the appropriate county, district or state executive committee of such party may designate a nominee. All such nominations whether by special or regular primary or by executive or district committee shall have the same force and effect and shall entitle the nominee to all the rights and privileges that would accrue to them if they had been nominated in the regular primary elections. For the purposes of this subsection, the party offices of national committeeman and national committeewoman shall be considered as state offices.

Section 97.021 (6) (b), Florida Statutes 1957, provides that a political party shall nominate its candidate for elective office to be voted for in the next general election, in the primary and in no other manner, except to fill vacancies in nominations, as otherwise provided.

It is contended that under section 100.111, supra, the only way for a recognized political party to designate its nominee is through a special primary election. The opinion of the Supreme Court of Florida, cited as In re Advisory Opinion to the Governor, 60 So. 2d 285, is relied upon as authority for this contention. It is true that in such decision the Supreme Court determined that it was the duty of the governor to call "a special first primary and if necessary seven days later, a second primary," for the purpose of filling the vacancy in nomination. However, it is to be noted that the statute under consideration in that opinion was Section 100.111 (2) (c), Florida Statutes 1951, which provided—

"(c) When a vacancy occurs later than thirty days before the first primary and before forty days prior to the general election, it shall be subject to a special first primary and if necessary seven days later a special second primary to be called by the governor. Ten days shall be allowed from the time the vacancy occurs in which to specially qualify and the name of the person nominated in the special primary shall be placed on the general election ballot but in event the general election ballots have already been printed then a separate ballot shall be prepared."

which is entirely different from the provisions of section 100.111, Florida Statutes 1957, above set forth. In fact, since 1951, section 100.111 has been amended through the enactment of chapter 28,156, Laws of Florida, 1953, through the enactment of chapter 29,938, Laws of Florida, 1955, and again through chapter 57-91 Laws of Florida, 1957, and the provision contained in section

100.111 (2) (c), Florida Statutes 1951, has been completely elim-
inated, and in fact, has not been supplanted by any similar pro-
vision.

Therefore, the above mentioned decision does not contain the
answer to the question now under consideration.

All parties to this cause admitted before the court that the gov-
ernor has not called a special primary for the purpose of choosing
nominees of recognized political parties for the unexpired term of
the office in question. This court is not called upon to determine
the question whether or not under the present statutes it is the
governor's duty to call a special primary for the choosing of nom-
inees of recognized political parties. The governor is not a party
to this suit. This court will observe that in its opinion—in view
of the legislature's eliminating, through its amendments of section
100.111, Florida Statutes 1951, the plain and unambiguous pro-
visions of the statute, which placed a duty on the governor to call
a special primary, and the vagueness and indefiniteness of the
present statute—the present statute permits the exercise of some
discretion by the governor, to be reasonably exercised, as to when
he will or will not call a special primary for choosing nominees of
recognized political parties.

In State ex rel Summer v. Mitchell, 118 Fla. 513, 159 So. 775,
the Supreme Court of Florida held—

"Where, however, by reason of the death of an elective
officer during a term and after a primary has already been
held in a general election year, but before the date of the ensu-
ing general election, no nomination can be made according to
the usual laws governing primary elections, the statutory
*limitations* as to printing names on the general election ballot
does not necessarily apply. Therefore the political parties
themselves, or their official representative committees, may
exercise their inherent party prerogative of selecting a candi-
date and certifying his name to be printed on the general elec-
tion ballot, where no intendment of the primary election law is
to be circumvented or violated by so doing. And under chapter
14657, Acts 1931, supra, nominees so selected, being nominees
in fact of a party entitled to make and certify nominations of
candidates for printing in general election ballots, are entitled
to have their names printed on the general election ballots as
candidates 'put in nomination' by the appropriate party ex-
ecutive committee despite the fact that they may not be
entitled to claim title as nominees under the special statutory
prerogatives of an official primary or committee nominee as
the latter class of nominees is described in the terms of sec-
tion 14 of chapter 13761, Acts 1929.

"When there has been no candidate nominated as the result of a primary election, and it is clearly demonstrated that under no circumstances can there be a primary election nomination legally made, because of the occurrence of a vacancy in office subsequent to a primary and prior to the succeeding general election, it cannot be said that the terms of chapter 12038, supra, should be so strictly construed as to inhibit the exercise of a party's traditional powers to nominate a candidate according to its own rules and regulations and have that candidate accepted and recognized as such for the purpose of having his name printed on the ballot under that act, although his status as a nominee under such circumstances is not that of one having an exclusive right to have his name appear printed on the ballots of the general election. This is necessarily the rule because we can find nothing in our system of primary election laws which was intended to forbid customary party activities in cases where the subject-matter is neither expressly nor impliedly regulated by statutory provisions."

The decision in State ex rel Summer v. Mitchell, supra, was cited at length and approved by the Supreme Court of Florida in its later decision in State ex rel Andrews v. Gray, 125 Fla. 1, 169 So. 501.

The Florida statutes on the subject at hand do not clearly and explicitly cover all of the contingencies that arise thereunder. The question at hand is one of such contingencies. As Justice Davis so aptly stated in State v. Gray, supra, on page 508—

" . . . It is always inherently within the scope of judicial process itself for the judges to so interpret the sense of our statutory laws evidenced by legislative acts, codes, ordinances, and the like, as to supplement the intendments of the positive words, fill in the vacant spaces, and by the same methods and processes that have built up all of our customary law in the past, correct uncertainties and harmonize results with justice through a method of judicial decision that looks through the transitory particulars of a scheme expressed in a statute, and perceives the permanent intent and policy of the law that lurks behind the mere words of a statutory enactment."

Since the Florida statutes now in effect on the subject do not set forth the procedure for choosing or designating party nominees under the factual situation existing in this case and do not forbid customary party activities in cases where the subject-matter is neither expressly nor impliedly regulated by statutory provision, the county executive committees of the recognized political parties have the inherent right to take appropriate official action looking

towards the selection and certification of the name of a party candidate to fill the vacancy in the office in question, same being an office as to which the party was without power under the statutes to supply its usual nominee by means of a primary election.

Upon consideration, it is thereupon ordered, adjudged and decreed that the complainants, as chairman and the several individuals comprising the Democratic Executive Committee of Indian River County have the inherent right as the Democratic Party's representative, to take appropriate official action, looking towards the selection and certification of the name of the Democratic Party's candidate to fill the vacancy in the office of county judge in and for Indian River County, beginning the first Tuesday after the first Monday in January, 1959, and ending on the first Tuesday after the first Monday in January, 1961, which vacancy is to be filled at the general election to be held on November 4, 1958, and that such nominee, when selected and certified, will be entitled to have his name printed on the general election ballots for use in Indian River County on November 4, 1958, as a candidate put in nomination by the appropriate party executive committee.